**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Masum Vijan, | No. CV-16-04513-PHX-DGC (MHB) |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Health Services, et al., | |
| Defendants. | |

On December 22, 2016, Plaintiff Masum Vijan, who is confined in the Arizona State Prison Complex-Lewis, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and paid the filing fee. In a May 9, 2017 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On May 30, 2017, Plaintiff filed a First Amended Complaint (Doc. 8). The Court ordered Defendants Smalley, Dannemiller, and Henley to answer Count One and Defendant Elijah to answer Counts Two and Three of the First Amended Complaint. On December 1, 2017, attorneys Paul Gattone and Ashley Gilpin filed a Notice of Appearance on behalf of Plaintiff. On December 11, 2017, Defendants Smalley, Elijah, and Dannemiller filed an Answer.

The record reflecting that Defendant Henley had not been served, the Court ordered Plaintiff (who is represented by counsel) to show cause why Defendant Henley

should not be dismissed from this matter for failure to serve. On January 2, 2018, counsel for Plaintiff filed a response to the Court's order stating that "Plaintiff, through counsel, is making every effort to complete service on Defendant Henley, and seeks additional time in which to effectuate service." Almost two-and-a-half-months later, the record again reflecting that Defendant Henley had not been served, the Court ordered Plaintiff to show cause why this matter should not be dismissed as to Defendant Henley. Plaintiff filed another response essentially requesting more time.

The Court, finding that reasonable efforts have been made to provide Plaintiff with the time needed to effect service, will deny Plaintiff's request. Ultimately, it is Plaintiff's obligation to ensure that each Defendant is served.

Thus, the Court, finding that (1) reasonable efforts have been made to provide Plaintiff with the time needed to effect service, (2) Defendant Henley has not been served, and (3) the time for completing service has expired, will determine whether dismissal of this matter as to Defendant Henley is appropriate.

Plaintiff has the general duty to prosecute this case. See Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. See id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

(5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal. Plaintiff's failure to serve Defendant Henley prevents the case against him from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already made reasonable efforts to provide Plaintiff with the time needed to effect service.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. Plaintiff's claims against Defendant Henley will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure Plaintiff's claims against Defendant Henley are dismissed without prejudice.

Dated this 9th day of May, 2018.

_____
David G. Campbell
United States District Judge